# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

COREY A. THORSON                                                                                                                            PLAINTIFF

v.                                                                 CIVIL ACTION NO. 4:18-CV-P53-JHM

NORMAN CHAFFINS et al.                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Corey A. Thorson, *pro se*, filed this *in forma pauperis* 42 U.S.C. § 1983/*Bivens* action. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss some of Plaintiff's claims and allow some claims to proceed.

## I. STATEMENT OF CLAIMS

Plaintiff names as Defendants Grayson County and the Grayson County Detention Center (GCDC); Grayson County Sheriff Norman Chaffins in his official capacity; and in their individual capacities GCDC Chief Deputy Bo Thorpe, GCDC head nurse Rita Wilson, and GCDC nurse Desiree Olson. He states that on April 18, 2017, while incarcerated at GCDC, he injured his ankle. According to the complaint, he was given only an ankle wrap even though his "broke tendon" was visible. Plaintiff explains that, after his attorney contacted the nurse, he was scheduled for an appointment with a physician's assistant (PA) on April 27, 2017. According to Plaintiff, he was then recommended to "Orthopedic," where on April 28, 2017, an ultrasound was performed, which showed a "severe tear," and an MRI was recommended. Plaintiff further states that on May 18, 2017, he was seen by a specialist at the hospital who confirmed a severe tear of his Achille's tendon and recommended immediate surgery. Plaintiff alleges that surgery

was scheduled on May 26, 2017, but before surgery could be performed he was "transported (without a protective boot or splint) and (without a wheelchair) to the Federal Transfer Center in Oklahoma City, and later to F.C.I. Forrest City-Low in Forrest City Arkansas. Again without a protective boot or splint and no wheelchair shackles only."

Plaintiff further alleges that Defendant Wilson originally stated that he would have to wait two weeks before he could be seen by a physician; that she said Plaintiff "just had a ankle sprain"; and that he was not given a lower bunk or any ice packs.

Plaintiff alleges that after he spoke with his attorney, Defendant Olson "actually laughed and made fun of my situation," and when he confronted her, "she said 'Shut-up'". According to Plaintiff, Defendant Olsen then began manipulating "other staff toward me." He states that Defendants Thorpe, Wilson, and Olson "became vindictive and other nurses would say that I pissed them off." Plaintiff alleges that when he saw the PA, "he asked Mrs Wilson why I hadn't been seen sooner, and why I wasn't transported to the Hospital." He alleges that Defendant Wilson told the U.S. Marshal's Service (USMS) that he was exaggerating his injury. He alleges that he should have been seen by the doctor sooner and that Defendants' "misdiagnosis, delay, and finally denial of my injury . . . was deliberate indifference[.]" He states that he did not undergo surgery until four months later.

Plaintiff alleges that Grayson County entered into a contract with the USMS "and failed to oversee there employees had in place written guidelines and procedures for the operation of the Medical Department, and that there other staff or deputies were properly trained for Medical purposes if no Medical Staff were available."

Plaintiff also alleges that the USMS "through Eric Waterhouse knew of and disregarded Mr. Thorson serious medical needs by not transporting him to the nearest FMC which was

Lexington. Also when transporting Thorson they fail to follow recommended medical standards by placing his leg/Ankle in a protective boot, nor did they even provide a wheelchair." He alleges that the USMS was deliberately indifferent to his serious medical needs and they failed to train, supervise, direct or control the "actions of its employees and through its contract with Grayson County."

As relief, Plaintiff asks for monetary, punitive, and "special" damages.

Plaintiff's attachments to his complaint include several Grayson County grievances and requisition requests, along with a FCI Forrest City administrative request and a FCI Forrest City medical report.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a

complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***A. Defendants Grayson County, GCDC, and Defendant Chaffins in his official capacity***

Plaintiff alleges that Grayson County "failed to oversee there employees had in place written guidelines and procedures for the operation of the Medical Department, and that there other staff or deputies were properly trained for Medical purposes if no Medical Staff were available."

First, GCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Grayson County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Grayson County is a "person" for purposes of § 1983. *Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against GCDC as brought against Grayson County.

Similarly, the claims against Defendant Chaffins in his official capacity must be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the claims against Defendant Chaffins are actually brought against the Grayson County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

4

When a § 1983 claim is made against a municipality, like Grayson County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 694.

> There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005); *see also Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) ("[T]he Supreme Court has held that a municipality can be liable under § 1983 on a failure-to-train theory when the 'failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.'") (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "To prevail on such a claim, the plaintiff must prove the following three things: that the training program at issue is inadequate to the tasks that the officers must perform; that the inadequacy is the result of the [municipality's] deliberate indifference; and that the inadequacy is closely related to or actually caused the plaintiff's injury." *Estates of Mills v. Knox Cty.*, No. 11-208-GFVT, 2014 WL 1047147, at *7 (E.D. Ky. Mar. 14, 2014) (internal quotation marks and citation omitted). Likewise, to succeed on a failure-to-supervise claim, Plaintiff must show that action pursuant to official municipal policy of some nature caused the constitutional violation. *Id*. at 6.

Upon review, the Court will allow Plaintiff's failure-to-train and failure-to-supervise claims against Grayson County to continue. The claims against GCDC and Defendant Chaffins

in his official capacity are redundant and duplicative of the claims against Grayson County and will be dismissed.

## B. Individual-capacity claims

Plaintiff names as Defendants in their individual capacities GCDC Chief Deputy Thorpe, GCDC head nurse Wilson, and GCDC nurse Olson.

Regarding Defendants Thorpe and Olson, Plaintiff fails to allege unconstitutional conduct. He alleges only that Defendant Olson "laughed and made fun of my situation", told him to "'Shut-up'", and then began manipulating "other staff toward me"; and that Defendants Thorpe and Olson "became vindictive and other nurses would say that I pissed them off." The Sixth Circuit has held that harassing or degrading language by a prison official, although unprofessional and despicable, does not amount to a constitutional tort. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d at 954-55; *see also Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Therefore, the Court will dismiss the claims brought against Defendants Thorpe and Olson.

The Court will allow Plaintiff's individual-capacity claim against Defendant Wilson for deliberate indifference to a serious medical need to continue.

*C. Allegations against USMS*

Although Plaintiff makes allegations against the USMS in his complaint, the USMS is not a named Defendant. Moreover, the Court notes that Plaintiff has a case concerning the allegations against the USMS pending in this Court. The Court therefore does not consider the allegations made against the USMS to be part of the instant action.

### III. CONCLUSION AND ORDER

**IT IS ORDERED** that Plaintiff's claims against GCDC, Defendant Chaffins, Olson, and Thorpe are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk of Court is **DIRECTED** to terminate the Grayson County Detention Center, Grayson County Sheriff Norman Chaffins, Chief Deputy Bo Thorpe, and nurse Desiree Olson as parties to this action.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims.

Date: October 4, 2018

                                                        **Joseph H. McKinley, Jr., Chief Judge**
                                                          **United States District Court**

cc:      Plaintiff, *pro se*
           Defendants
           Grayson County Attorney
4414.009